■ FELICE LOTHRINGER, Respondent, v. HARVEY LOTHRINGER, Appellant. — In an action by a wife for a separation a counterclaim was interposed for similar relief. The appeal is from a judgment in favor of the wife entered after a hearing of a motion for temporary alimony and after a trial of all the issues by a Referee; such hearing and trial before the Referee being on consent of both parties. Judgment modified on the law and the facts (1) by amending the fifth decretal paragraph so as to provide that the separation

is granted to the wife solely on the grounds of cruel and inhuman treatment and abandonment, (2) by amending the third and fourth decretal paragraphs so as to provide that the Referee's report and the findings of fact insofar as they hold that the husband failed to support his wife and the conclusion of law insofar as it holds that the wife is entitled to a separation by reason of such nonsupport, are disapproved, (3) by amending the ninth decretal paragraph so as to provide for the payment by the husband of $7,500 for the wife's legal fees, instead of $10,000, (4) by amending the tenth decretal paragraph so as to provide that out of said sum of $7,500, Emil K. Ellis, Esq., be awarded $5,500 for such legal fees, and Burton G. Rudnick, Esq., be awarded $2,000 for such legal fees, (5) by amending the eleventh decretal paragraph so as to provide that the Referee's fees be fixed at $3,000 instead of $5,000, (6) by amending the twelfth decretal paragraph so as to provide that such sum of $3,000 be paid to the Referee within 60 days after the entry of the order hereon, and (7) by amending the thirteenth decretal paragraph so as to provide that if said sum of $3,000 be not paid to the Referee within such 60-day period, then judgment for said amount, without interest, may thereafter be entered against the husband in favor of the Referee and that the Referee may issue execution thereon. As thus modified, judgment unanimously affirmed, without costs. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. In our opinion, while the proof does establish, as grounds for the separation, the cruel and inhuman treatment and abandonment by the husband, the proof fails to establish the additional ground of nonsupport. It is also our opinion based upon all the facts and circumstances (1) that an allowance of $3,000 to the Referee for his services is adequate, (2) that a total allowance of $7,500 as counsel fees to the wife is adequate, and (3) that such counsel fees should be apportioned by awarding $5,500 to the wife's present counsel, Emil K. Ellis, Esq., and by awarding $2,000 to the wife's former counsel, Burton G. Rudnick, Esq. Present — Nolan, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.